**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 20-23-01** |
| **VERSUS** | **JUDGE DRELL** |
| **DANIEL DEWAYNE AIKENS (01)** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court are a litany of post-conviction motions filed by the defendant in this case, Daniel Dewayne Aikens ("Aikens"). Mr. Aikens is a problem defendant. Indeed, he is a convicted pipe-bomber by jury verdict after a contested trial. *See United States v. Aikens,* No. 23-30196, 2024 WL 4973302, at *2 (5th Cir. Dec. 4, 2024). It is no surprise, then, that he now insists on being a menace to this Court's docket. He has filed dozens of motions seeking to undo his conviction in some shape or form. This Order serves (hopefully) to throttle this deluge.

"Section 2255 is the primary collateral relief mechanism for federal prisoners." *Reyes-Requena v. United States*, 243 F.3d 893, 901 n.19 (5th Cir. 2001). In appropriate cases, after direct review has concluded, "§ 2255 represent[s] the only remaining avenue of potential relief" for a federal prisoner. *United States v. Cuff*, 79 F.4th 470, 477 (5th Cir. 2023). But crucially, a "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, after conviction and the exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." *Id.* at 164.

Aikens' conviction is final, he is unhappy with it, and § 2255 is all he has left. *See Aikens v. Doerer*, No. 1:26-CV-02281-FJS (HC), 2026 WL 851170 (E.D. Cal. Mar. 27, 2026), *report and recommendation adopted*, No. 1:26-CV-02281-KES-FJS (HC), 2026 WL 1683159 (E.D. Cal. June 10, 2026) (explaining in denying his § 2241 petition that Aikens must make his arguments instead under § 2255 and before the sentencing court, in this case, this Court). He has made a § 2255 Motion. *See* ECF No. 213. The rub here is that he has filed so many other motions, both before and after, that overlap with the relief he seeks in his formally titled § 2255 Motion.

"It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam). So, we can "liberally construe[] *pro se* filings as [] § 2255 motions under certain circumstances." *United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021). Namely, in a case like this, recharacterization is appropriate where the prisoner is "challeng[ing] his conviction" through the motion(s) in question. *See United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019). But a court may not

> recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro v. United States*, 540 U.S. 375, 377 (2003). In dispensing with his many quasi-2255 motions, we have not given him the *Castro* admonition. *See* ECF Nos. 198, 200, 202, 204, 208, 209, 210, 212, 218, and 232. Because he has a pending, timely, formally

titled § 2255 Motion, *see* ECF No. 213, we see no reason to do so now in relation to the other ripe motions, except to deny them without prejudice as duplicative of the properly titled Motion.

That said, again, Aikens is not entitled to "paper this Court with frivolous motions," *see* ECF No. 208 at 1 (our Order), "involv[ing] matters that could have and should have been asserted on direct appeal" or in his formally titled § 2255 Motion. *United States v. Parker,* 927 F.3d 374, 377–79 (5th Cir. 2019). Any further creatively styled motions challenging his conviction will be similarly denied. *See id.*; *United States v. Blount,* 523 F. App'x 298, 299–300 (5th Cir. 2013). He is well on the road to sanctions, and he should do well to quit. *See id.*

Accordingly,

**IT IS ORDERED** that ECF Nos. 203, 221, 222, 227, 228, 229, 243, and 244 are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Government file a response to Aikens' pending § 2255 Motion (ECF No. 213) within **fourteen (14) days** of the signing of this Order. Aikens will then have **seven (7) days** to file any reply brief. *See* Rules Governing Section 2255 Proceedings for the U.S. District Courts, R.5(e). This is the ***only*** additional filing that the Court expects to receive from Aikens. The Court will then proceed on the Motion in due course.

**THUS DONE AND SIGNED** this 2nd day of October, 2026.

**DEE D. DRELL**
**SENIOR U.S. DISTRICT JUDGE**